IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JASON THOMAS,

    Plaintiff,

v.                                              Civil No.: BPG-16-3823

CITY OF ANNAPOLIS, et al.

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Currently pending before the court is: Defendants' Motion for Summary Judgment ("Defendants' Motion for Summary Judgment") (ECF No. 25); Plaintiff's Opposition to Defendants' Motion ("Plaintiff's Opposition") (ECF No. 29); Defendants' Reply in Further Support of Its Motion for Summary Judgment ("Reply") (ECF No. 37); Plaintiff's Motion for Immediate Sanctions and Motion to Strike Memorandum In Support of Summary Judgment ("Plaintiff's Motion for Sanctions") (ECF No. 31); Defendants' Renewed Motion to Seal ("Defendants' Motion to Seal") (ECF No. 42), and Plaintiff's Joint Motion for Leave to Enlarge the Time Within Which Plaintiff Must File a Renewed Motion to Seal Nunc Pro Tunc and Motion to Seal Medical Records and Disability Retirement Hearing Records ("Plaintiff's Motion to Enlarge Time and Seal") (ECF No. 43, 43-2). A hearing was held on February 13, 2018. (ECF No. 47). For the reasons stated below, Defendants' Motion for Summary Judgment (ECF No. 25) is denied without prejudice to refile, Plaintiff's Motion for Sanctions (ECF No. 31) is denied as moot in light of the relief noted herein, Defendants' Motion to Seal (ECF No. 42) is

denied with further instructions provided by the court herein, and Plaintiff's Motions to Enlarge Time and Seal (ECF Nos. 43, 43-2) are granted.

## I. DISCUSSION

Plaintiff, a former Annapolis City police officer, initiated this action against the City of Annapolis, Annapolis Police Department, and the Chief of Police at the time of plaintiff's employment. Plaintiff is alleging employment discrimination based on his race and disability, in addition to unlawful retaliation by the defendants.

I will first address Plaintiff's Motion for Sanctions which alleges that defendants included information and exhibits in their summary judgment motion that they failed to produce to plaintiff during discovery, in violation of Fed. R. Civ. P. 37(c)(1).[1] This rule states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Fourth Circuit has developed a five-factor test to determine if the non-disclosure was substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The party who failed to disclose the information bears the burden of establishing that such nondisclosure was justified or harmless. Id. at 596. District courts are given broad discretion in analyzing whether

---

[1] As I noted during the motions hearing in this case, plaintiff's argument that Defendants' Motion for Summary Judgment should be stricken because it exceeds the page limit noted in the Local Rules is rejected. The court already granted leave to file said pleading. (ECF No. 33).

2

the nondisclosure is substantially justified or harmless, and they are "not required to tick through each" of the factors. <u>Wilkins v. Montgomery</u>, 751 F.3d 214, 222 (4th Cir. 2014); see <u>Contech Stormwater Solutions, Inc. v. Baysaver Technologies, Inc.</u>, 534 F. Supp. 2d 616, 622 (D. Md. 2008) ("Excluding evidence as a sanction for non-disclosure, even in the absence of bad faith, supports what the Fourth Circuit has identified as the 'basic purpose' of Rule 37(c) (1), which is to prevent surprise and prejudice to the opposing party.")

The discovery information that defendants did not produce pertains to alleged "comparators," that is, individuals claimed by plaintiff to be similarly situated to him, but treated more favorably. During discovery, defendants refused to produce comparator information, but now rely on such information in their Motion for Summary Judgment. Plaintiff challenges defendants' use of this information, claiming that it was responsive to plaintiff's interrogatories and document requests. (ECF No. 38 at 3).[2] Defendants maintain that no sanctions are warranted because they only rely on 14 pages of previously non-disclosed documents, their failure to disclose was inadvertent, and plaintiff should have pursued his discovery dispute in a more timely fashion.

Counsel have made a procedural mess of this case. Apparently, during discovery, the parties disputed whether this comparator information was discoverable. The defendants' position, taken at the depositions in this case and in discussions between counsel, was that this information is privileged. That position is erroneous -- the information is confidential, not privileged, and a Protective Order should have been timely entered into in this case. The defendants did not produce any responsive documents during discovery in this case, directed at least one deponent not to answer questions (ECF No. 35-1) in violation of the Local Rules of this

---

[2] This information is also responsive to Interrogatory No. 22 directed to Defendant City of Annapolis. (ECF No. 31-7 at 3).

3

Court, and did not enter into a Protective Order until after the discovery deadline in this case, which was 26 days before Defendants' Motion for Summary Judgment was filed. Even after the Protective Order was entered, defendants did not produce the information at issue, maintaining that their non-disclosure was an "oversight", and asserting that plaintiff has been able to address the non-disclosed information in its Opposition to Summary Judgment.

Defendants fundamentally misconstrue the Federal Rules of Civil Procedure when they argue that "[n]othing prevents Defendants from supplementing [their discovery responses] at the time of the Motion for Summary Judgment is filed", (ECF No. 40-1 at 7), and that they "reasonably construed [plaintiff's discovery requests] to pertain to trial documents and defenses at trial." (ECF No. 35 at 3). The Rules are specifically designed to ensure production of relevant evidence during the discovery period in a case so as to prevent surprise and prejudice. Contech Stormwater Solutions, 534 F. Supp. 2d at 622. Plaintiff, on the other hand, raised the issue of non-disclosure of comparator information during discovery, but did not bring the dispute to the court's attention in a timely fashion. By first raising the issue in its Motion for Sanctions, plaintiff further added to the procedural turmoil in this case. Plaintiff's lack of due diligence, however, does not negate the prejudice to plaintiff resulting from defendants' lack of timely disclosure of highly relevant discovery. Application of the Southern States factors to the facts of this case mandates the conclusion that defendants' non-disclosure was not substantially justified or harmless and that discovery in this case must be reopened to remedy the non-disclosure.

First, there is significant surprise to plaintiff here in that he requested discovery on certain alleged comparators, was denied the information, and the information was included in Defendants' Motion for Summary Judgment. Second, as to plaintiff's ability to cure the surprise, plaintiff certainly could have availed himself of better options, such as filing a motion to compel

4

or filing a Rule 56(d) affidavit stating that he did not have the factual information necessary to oppose defendants' summary judgment motion. Nonetheless, the plaintiff's lack of diligence is not just cause for precluding plaintiff from curing the surprise through additional discovery. Regarding the third element, a trial has not been scheduled in this matter. The failure of defendants to timely produce relevant evidence has resulted in plaintiff's inability to challenge defendants' summary judgment motion which, if granted, would mean there would be no trial.

The most compelling <u>Southern States</u> factor here is the importance of the evidence in this case. It is critical to plaintiff's ability to present his case. The evidence concerning alleged comparators is at the heart of the plaintiff's claims and is essential, not just at trial, but at the summary judgment phase of this case. This point is highlighted by the bizarre procedural posture we find ourselves in: plaintiff's case is premised upon the existence of comparators, but he has no evidence regarding comparators because defendants did not produce such evidence while discovery was ongoing. But yet, defendants rely on such non-disclosed evidence to support its summary judgment motion and plaintiff has not had the opportunity to conduct discovery so as to determine if there is evidence to refute defendants' arguments.

Finally, defendants' explanation for failing to disclose the evidence was that it was an inadvertent oversight during the 26 day period between when the Protective Order was filed and their summary judgment motion was filed. This argument overlooks the fact that this evidence should have been produced much earlier in the case so that plaintiff could have questioned deponents about this relevant evidence. In sum, the non-disclosing party bears the burden of establishing that its failure to disclose was justified or harmless, and defendants have failed to do so here.

Plaintiff must be afforded an opportunity to cure the non-disclosure of this critical evidence. The court is left with no alternative but to reopen discovery so as to allow full production of all documents that should have already been produced by defendants and to permit plaintiff to conduct depositions once he has those documents. During the hearing held in this case, upon being asked what additional discovery plaintiff would conduct, plaintiff's counsel advised that he would reconvene the depositions of Michael Pristoop and Paul Rensted. Under the circumstances, I find those requests to be reasonable. Accordingly, noted below is a schedule to govern additional limited discovery and briefing in this case. Because the court is reopening discovery, Plaintiff's Motion for Sanctions (ECF No. 31) is denied as moot.

Also pending are the parties' Motions to Seal. Defendants' Motion to Seal seeks to seal its entire summary judgment motion, plaintiff's opposition and defendants' reply as well as all exhibits attached thereto. (ECF No. 42). Local Rule 105.11 requires a party seeking to seal documents to provide the court with "reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection." Loc. R. 105.11. Defendants have failed to make that showing and the wholesale sealing of all of the summary judgment pleadings is not warranted. See Visual Mining, Inc. v. Ziegler, No. PWG-12-3227, 2014 WL 690905, at *5 (D. Md. Feb. 21, 2014) ("A protective order regulates the parties' extrajudicial conduct but is not sufficient, by itself, to justify the continued sealing of filings in court."). Upon review of the memoranda and exhibits, it appears that an alternative to sealing -- redaction -- would more appropriately protect the confidential information contained in the parties' pleadings relating to individuals who are not parties in this case, while preserving the right of public access to court records. See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). For this reason, as well as those noted in my

previous order denying Defendants' Motion to Seal (ECF No. 41), Defendants' Motion to Seal all of the summary judgment pleadings is denied. Defendants and plaintiff are directed to refile redacted versions of their summary judgment papers in accordance with the instructions provided below.

Plaintiff's Motion to Enlarge Time and Seal, on the other hand, is more limited in scope and seeks to seal specific exhibits attached to the original Complaint, Amended Complaint and Plaintiff's Opposition (ECF No. 43-2). These exhibits are plaintiff's private medical records, medical evaluation notes, and disability retirement hearing transcripts. Such information is appropriately sealed. See Jones v. Joubert, No. CCB-14-2391, 2017 WL 915009, at *3 (D. Md. Mar. 8, 2017) (sensitive personal medical information subject to sealing). Accordingly, plaintiff's motion to seal is granted.

In light of the reopening of discovery, I am denying Defendants' Motion for Summary Judgment without prejudice to refile upon the conclusion of discovery. As counsel are aware, the court has already fully reviewed all of the pending pleadings. Therefore, the parties are not to modify or edit the current pleadings in any way. The only modifications you should make to the summary judgment pleadings you have already filed (ECF Nos. 25, 29, 37) is to file redacted versions consistent with this opinion, and unredacted versions under seal. I will allow supplemental briefing solely as it relates to the additional discovery permitted herein. Plaintiff will be permitted to file a Supplemental Opposition to Defendants' Motion for Summary Judgment not to exceed 10 pages and defendants will be permitted to file a Supplemental Reply to Plaintiff's Opposition not to exceed 10 pages. It is my intention to address any new material presented by the parties, not to revisit that which I have already reviewed.

**II. CONCLUSION**

For the foregoing reasons, the following is hereby **ORDERED**:

1. Defendants' Motion for Summary Judgment (ECF No. 25) is denied without prejudice to refile.

2. Plaintiff's Motion for Sanctions (ECF No. 31) is denied as moot in light of the rulings herein.

3. Defendants' Motion to Seal (ECF No. 42) is denied and the parties are directed to refile redacted versions not under seal and unredacted versions under seal of all documents filed in connection with their summary judgment motion and related pleadings, insofar as they reference any non-party Annapolis Police Department personnel. Counsel are directed to confer with the clerk's office to ensure that their filings effectuate this order and are consistent with the Local Rules.

4. Plaintiff's Joint Motion to Enlarge Time and Seal (ECF Nos. 43, 43-2) is granted. Exhibits 4, 5, 6 and 7 to Plaintiff's Complaint (ECF No. 1) and Exhibits 2, 4, 7, 8, 10 and 11 to Plaintiff's Opposition (ECF No. 29) shall be filed under seal. Plaintiff is directed to refile these pleadings consistent with this portion of the order, as well as the above portion of the order regarding redactions to Plaintiff's opposition.

5. The following schedule shall govern this case:

    a) By no later than March 23, 2018, defendant shall produce ALL documents and answers responsive to plaintiff's discovery requests relating to comparators (not limited to the 14 pages attached to its

summary judgment motions) and such production may be subject to the Protective Order (ECF No. 23) as agreed to by the parties. Said responses shall be complete and unevasive; noncompliance shall be subject to sanctions pursuant to Fed. R. Civ. P. 37.

b) By no later than April 20, 2018, plaintiff may redepose Michael Pristoop and Paul Rensted, solely regarding the new documents and information produced by defendants. Pertinent portions of these depositions may be subject to the Protective Order (ECF No. 23) as agreed to by the parties. Said deponents are directed to provide complete and unevasive responses; noncompliance shall be subject to sanctions pursuant to Fed. R. Civ. P. 37.

c) On May 7, 2018, defendants and plaintiff are directed to file redacted and unredacted copies of their previously filed summary judgment pleadings (25, 29, 37) consistent with the instructions set forth in this Memorandum Opinion and Order. No substantive changes may be made to said pleadings.

d) On May 7, 2018, plaintiff may file a Supplemental Opposition to Defendants' Motion for Summary Judgment not to exceed ten (10) pages.

e) By no later than May 21, 2018, defendant may file a Supplemental Reply to Plaintiff's Supplemental Opposition not to exceed ten (10) pages.

f) No pleadings or motions other than those noted above shall be filed by the parties.

Date: March __6__, 2018             _____/s/_____
                                    Beth P. Gesner
                                    United States Magistrate Judge